IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.: 5:11-CR-00284-001** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE: ADAMS** |
| | ) | |
| v. | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| **WILLIAM L. MURRAY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Now comes William L. Murray ("Defendant"), by and through undersigned counsel, and respectfully submits this sentencing memorandum for this Honorable Court's consideration. Mr. Murray has pled guilty to Count 1, Conspiracy to Defraud the United States in violation of 18 U.S.C. 371, and Count 2, Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. 371. Mr. Murray has received and reviewed the Presentence Investigation Report and now provides the following account for the Court's consideration in determining his sentence.

Mr. Murray was born on March 5, 1963, in Akron, Ohio, to a middle-class, blue-collar family. Mr. Murray had what he describes as a good childhood with parents that, although alcoholics, were not abusive towards him or his siblings. Mr. Murray believes that his family history of alcoholism was passed on to him, which is indicated by his criminal history that includes four O.V.I. convictions.

Mr. Murray's O.V.I. convictions make up all four points added towards his criminal history. The multiple O.V.I. arrests indicate a recurrent problem with alcohol abuse to which, since his arrest, Mr. Murray has admitted. Mr. Murray has taken steps to address his addiction, including regular attendance of Alcoholics Anonymous meetings and complete abstinence from

alcohol since July of 2011, and believes he can keep his addiction under control with additional counseling and treatment.

Since the outset of the instant matter, Mr. Murray has been extremely cooperative in the investigation and prosecution of the individuals involved.  Mr. Murray has proffered testimony to the United States Attorney's Office ("USAO") against his co-defendants and has met with the USAO on several additional occasions to provide requested information.  Mr. Murray has shown genuine remorse for his actions and wishes to apologize to those individuals he has harmed including family members and friends.

This summary of the facts is in no way meant to demean the serious nature of Mr. Murray's offense nor to provide an excuse for his behavior.  Although Mr. Murray's past warrants consideration for the purposes of sentencing, also important are the efforts Mr. Murray is making now and going forward to rehabilitate himself into a productive member of society.

Since his arrest, Mr. Murray has been incarcerated in the Northeast Ohio Correctional Center, and, during that time, has been a model inmate, incurring no disciplinary actions.  Additionally, as an officer of the Court, defense counsel can state that during numerous meetings with Mr. Murray, he has proven to be a thoughtful and intelligent man who deeply regrets his actions.  Mr. Murray has already taken steps to treat his alcohol problem, and is taking responsibility for his actions, focusing on positive things to do with his life as he pays his debt to society.

In *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007), the United States Supreme Court held:

> A district court should begin by correctly calculating the applicable Guidelines range. The Guidelines are the starting point and initial benchmark but are not the only consideration.  After permitting both parties to argue for a particular sentence, the judge should consider all of 18 U.S.C. § 3553(a)'s factors to

determine whether they support either party's proposal.  He may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented.  If he decides on an outside-the-Guidelines sentence, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variation.  He must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

18 U.S.C. § 3553(a) – Factors To Be Considered in Imposing a Sentence – states in relevant part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner***

Mr. Murray believes, based on the plea agreement with the Government, that his Total Offense Level is twenty two (22), and his Criminal History a Category III. However, Mr. Murray's plea to the charges, coupled with his continued cooperation with the USAO, reflects a genuine and honest acceptance of responsibility for his actions. Accordingly, Mr. Murray requests that the Court, in its discretion, grant him a three level reduction, pursuant to United States Sentencing Guidelines ("USSG) 3E1.1(a) and (b). Mr. Murray also requests, pursuant to USSG §5K1.1, that the Court grant him a four level reduction for substantial assistance.

With a seven level reduction acceptance of responsibility and substantial assistance, Mr. Murray would fall into a guideline range of imprisonment between twenty four (24) and thirty (30) months.  In keeping with the holding in *Gall* and the 18 U.S.C. §

3553(a) relevant sentencing factors, Mr. Murray respectfully requests that the Court, in its discretion, impose a sentence at the lower end of that range.  Mr. Murray would further request that he receive credit for time he has already spent incarcerated.

Mr. Murray further requests, pursuant to 18 U.S.C. § 3621(b) and (e), that the Court order that that he be placed in the Bureau of Prison's Residential Drug Abuse Program.  As discussed above, Mr. Murray suffers from an addiction to alcohol for which he believes he needs treatment. 18 U.S.C. § 3621(b) and (e) provide that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment.  Accordingly, Mr. Murray, now requests that the Court afford him the opportunity to get the treatment he requires.

Finally, Mr. Murray would respectfully request that this Court allow him to self report and recommend that he be incarcerated in Morgantown West Virginia.  Mr. Murray has been incarcerated for more than 6 months and would request this court to release him for 48 hours to allow him to settle some of his personal affairs and self report.  Mr. Murray is requesting this particular institution because of the opportunity it would provide for him to continue to reshape his life both physically and mentally.  This particular institution has an exercise facility in which Mr. Murray would be able to take advantage of and continue to add to the substantial weight he has lost.

For the foregoing reasons Mr. Murray prays that this Honorable Court deliver a sentence that is not punitive in nature but instead gives him the tools to rehabilitate himself and become a productive member of society upon his release.

        Respectfully submitted,


        /s/ J. Reid Yoder, Esq.
        J. Reid Yoder (0076587)
        ryoder@dylawfirm.com
        DiCaudo & Yoder, LLC
        520 South Main Street, Suite 500
        Akron, Ohio 44311-1077
        Telephone: 330.762.7477
        Facsimile: 330.762.8059


**CERTIFICATE OF SERIVICE**

I hereby certify that on May 22, 2012, a copy of the forgoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


        /s/ J. Reid Yoder
        J. Reid Yoder (0076587)